UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARCUS POWERS,

    Plaintiff,

v.

    Case Number 6:15-cv-356-ORL-41-GJK

FINANCIAL ASSET MANAGEMENT
SYSTEMS, INC.

    Defendant.
_____/

## Complaint

1. The Plaintiff, Marcus Powers, sues Defendant, Financial Asset Management Systems, Inc. pursuant to 47 U.S.C. § 227(b)(3).

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 749 (2012).

3. Plaintiff resides in Orlando, Florida.

4. Defendant is a Georgia for-profit company.

5. Defendant conducts business in Florida.

6. Defendant used an automatic telephone dialing system to contact Plaintiff in the State of Florida.

7. Plaintiff estimates that he received over 40 calls on his cell phone from Defendant within the past two years.

8. The phone calls identified in paragraph 7 were made by Defendant in violation of the Telephone Consumer Protection Act.

1

9. Defendant has an automatic telephone dialing system ("ATD System") as defined by 47 U.S.C. § 227(a)(1).

10. Defendant utilized an ATD System to systemically call Plaintiff on his cellular telephone, within the past two years, without Plaintiff's express permission to be contacted by Defendant.

11. Defendant did not have an established business relationship with Plaintiff.

12. Defendant did not call Plaintiff for emergency purposes.

13. Defendant did not have Plaintiff's express consent to be called.

14. Defendant violated 47 U.S.C. § 227(b)(1)(A)(3).

15. Defendant invaded Plaintiff's privacy.

16. Defendant called Plaintiff's cellular telephone number for the purpose of collecting an alleged debt.

17. Defendant was aware of the Telephone Consumer Protection Act ("TCPA") before contacting Plaintiff.

18. Defendant knew or should have known that Plaintiff had not given it express consent to be called by their ATD System.

19. Defendant, through its resources, discovered Plaintiff's subscribed cellular telephone number.

20. Defendant willfully violated the TCPA.

21. Plaintiff sent Defendant the attached letter pre-suit.

22. Defendant never responded to Plaintiff's letter.

23. Venue is proper in the United Stated District Court for the Middle District of Florida Orlando Division because Defendant contacted Plaintiff in violation of the TCPA in Orange County, Florida.

24. Defendant is a debt collection agency that conducts business in Florida, among other places.

Wherefore, Plaintiff demands judgment against Defendant for $500 per phone call multiplied by three.

Respectfully submitted this 9th day of March 2015,

Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Email – bmazaheri@forthepeople.com

Attachment

# MORGAN & MORGAN®
### Attorneys At Law

20 N. ORANGE AVENUE, 16th FLOOR
POST OFFICE BOX 4979
ORLANDO, FL 32802-4979
(407) 420-1414
FAX: (407) 425-8171

December 5, 2014

*2474444*

Financial Assets Management Systems, Inc.
1967 Lakeside Parkway Suite 402
Tucker, Georgia 30084

Re: 47 U.S.C. § 227(b)(1)(A)(iii)

Dear FAMS:

We represent the legal interests of Marcus Powers as it relates to his rights under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A)(iii). Powers has never given you permission to call his cell phone number. Nevertheless he has received a myriad of calls on his cell phone from your company in violation of the TCPA.

Your company focuses on debt collections. *See* www.fams.net/services/index.php. It is evident that you utilize an automatic telephone dialing system. You do not have a pre-existing relationship with Powers, and Powers has never given express consent to your company to call him.

The purpose of this letter is threefold. First, we request an accounting from you regarding the number of times you have called Powers within the past two years. Second, if you are claiming that Powers gave you permission to contact him via cell phone please provide documentary evidence. And third if you are claiming that you are not in violation of the TCPA please provide your basis in fact and law.

This is our good faith effort to investigate Powers' claims, provide you an opportunity to explain your position and potentially avoid litigation. If you fail, refuse or neglect to substantively respond within fourteen days we will assume that you have willfully violated the TCPA making myriads of calls to Powers' cell phone using an automatic telephone dialing system without his permission.

Sincerely,

Bernie Mazaheri

www.forthepeople.com

ATLANTA, GA ◆ COLUMBUS, GA ◆ DAYTONA BEACH, FL ◆ FT. MYERS, FL ◆ JACKSON, MS ◆ JACKSONVILLE, FL ◆ KISSIMMEE, FL ◆ MANHATTAN, NY ◆ MEMPHIS, TN
NAPLES, FL ◆ ORLANDO, FL ◆ PLANTATION, FL ◆ ST. PETERSBURG, FL ◆ SAVANNAH, GA ◆ TALLAHASSEE, FL ◆ TAMPA, FL ◆ TAVARES, FL ◆ WINTER HAVEN, FL